IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABBEY WILSON, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:23-CV-2158-D |
| VS. § | |
| § | |
| KORTH DIRECT MORTGAGE, INC., § | |
| CHA GALLERIA LP, and TIM § | |
| GODSEY, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Abbey Wilson ("Wilson") sues defendants Korth Direct Mortgage, Inc. ("KDM"), CHA Galleria LP d/b/a DoubleTree Hotel by Hilton Dallas Near the Galleria ("DoubleTree"), and Tim Godsey ("Godsey") for injuries she sustained from a sexual assault allegedly committed by Godsey at the DoubleTree. KDM and Godsey removed the case to this court based on diversity of citizenship.[1] KDM now moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that

---

[1] DoubleTree did not join the notice of removal, as is required under 28 U.S.C. § 1446(a) and Fifth Circuit precedent. *See Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (citations omitted) (alterations in original) ("[A]ll defendants who are properly joined and served must join in the [notice of removal], and . . . failure to do so renders the [notice] defective."). But a defendant's "failure to join the notice of removal is a procedural rather than subject matter jurisdiction defect." *Carr v. Mesquite Indep. Sch. Dist.*, 2004 WL 1335827, at *2 (N.D. Tex. June 14, 2004) (Fitzwater, J.). Because Wilson did not timely object to removal based on this procedural defect, this defect is waived. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

follow, the court grants the motion and also grants Wilson leave to amend.

I

According to her state-court original petition (the "petition"), Wilson stayed at the DoubleTree Hotel at 4099 Valley View Lane in Dallas in September 2021.[2] She ordered a drink at the hotel bar while waiting on a food delivery. Wilson alleges that she became intoxicated after she was served and consumed at least six alcoholic drinks.

Godsey, an account executive and sales director for KDM who was staying at the hotel while on a business trip, began speaking and joking with Wilson while she was at the bar. Wilson left the bar to use the restroom, leaving her drink unattended. When she returned to the bar, she finished the drink, and shortly thereafter, she became emotional and began crying. She alleges that, after that point, she does not remember anything that happened until the next morning.

The following morning, Wilson awoke in an unfamiliar hotel room. She and Godsey, who were both naked, were lying together in bed. Godsey told Wilson that they had had sexual intercourse and gave her his KDM business card, stating that he wanted to meet again. Wilson asserts that she never consented to, and lacked the capacity to consent to, sexual intercourse with Godsey.

---

[2]The court recounts the background facts favorably to Wilson as the nonmovant. In deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (addressing Rule 12(b)(6) standard)).

Wilson filed this lawsuit in state court, alleging (1) a cause of action against Godsey for assault, sexual assault, and battery; (2) claims against KDM for negligence and gross negligence; and (3) and a cause of action against DoubleTree for premises liability. Wilson also alleges as a separate cause of action that KDM is liable to Wilson for "VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, STATUTORY EMPLOYEE, BORROWED SERVANT, AGENCY, JOINT VENTURE, JOINT ENTERPRISE, PARTNERSHIP." Pet. (ECF No. 1-5) at 5 (bold font omitted). KDM moves to dismiss Wilson's claims. Wilson opposes the motion, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S.

at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III

The court turns first to Wilson's claim that KDM is vicariously liable for the assault, sexual assault, and battery that Godsey allegedly committed.

### A

In Texas, "[u]nder the doctrine of *respondeat superior*, an employer is vicariously liable for the torts of its employee only when the employee is acting within the course and scope of employment." *Doe v. Apostolic Assembly of Faith in Christ Jesus*, 452 F.Supp.3d 503, 517 (W.D. Tex. 2020) (citing *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 576 (Tex. 2002)). An employee's conduct meets this standard when it "falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *M.D.C.G. v. United States*, 956 F.3d 762, 769 (5th Cir. 2020) (quoting *Minyard Food Stores*, 80 S.W.3d at 577). By contrast, "if an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." *Id.* (quoting *Minyard Food Stores*, 80 S.W.3d at 577).

Under Texas law, an employer is vicariously liable for an employee's *intentional* torts only when the act "is closely connected with the employee's authorized duties." *Id.* (quoting *G.T. Mgmt., Inc. v. Gonzalez*, 106 S.W.3d 880, 884 (Tex. App. 2003, no pet.)). Courts in Texas have repeatedly held that assault or sexual assault committed by an employee is outside the scope of an employee's employment, and that the employer therefore cannot be held vicariously liable for it. *See id.*; *Geiger v. Varo, Inc.*, 1994 WL 246159, at *5 (Tex. App. 1994, writ denied); *Pollard v. Church of God in Christ, Inc.*, 2017 WL 5244714, at *2-3 (N.D. Tex. Nov. 9, 2017) (Robinson, J.); *Doe v. Geo Grp., Inc.*, 2017 WL 835209, at *2-3 (W.D. Tex. Mar. 2, 2017); *Valdez v. Church's Fried Chicken*, 683 F. Supp. 596, 610 (W.D. Tex. 1988).

B

Wilson has failed to plead sufficient facts to state a plausible claim that KDM is vicariously liable for the assault, sexual assault, and battery that Godsey allegedly committed. These alleged torts are intentional torts. But Wilson's petition contains no factual allegations that would permit the court to draw the reasonable inference that Godsey's acts constitute the kind of conduct that KDM employed him to perform or that his actions were motivated by a desire to serve KDM. Wilson asserts that KDM authorized Godsey to network with and recruit new clients by offering to buy them food and drink. But she does not allege that KDM authorized Godsey to engage in tortious acts, or that his alleged tortious acts were motivated by his desire to recruit Wilson as a KDM client. Accordingly, the court dismisses Wilson's cause of action that alleges that KDM is vicariously liable for the assault, sexual

assault, and battery that Godsey allegedly committed.

IV

KDM appears to construe all of Wilson's claims against it as vicarious liability claims. But the petition indicates that some of Wilson's claims against KDM are actually based on direct liability. The court therefore addresses these claims as Wilson has pleaded them.

A

Wilson alleges that KDM is directly liable for negligence based on its alleged failure to use due care in hiring, training, and supervising Godsey.

1

"A negligence claim requires proof of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach." *Bartolowits v. Wells Fargo Bank, N.A.*, 2016 WL 1436430, at *7 (N.D. Tex. Apr. 11, 2016) (Fitzwater, J.) (citing *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001)). Proximate cause consists of cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). "The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred." *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex. App. 1999, pet. denied) (citation omitted). "Cause in fact is not shown if the defendant's negligence did no more than furnish a condition that made the injury possible." *Id.* (citation omitted). "The evidence must show that the defendant's negligence was a substantial factor and not a remote cause." *Id.* (citation omitted). Foreseeability "requires that a person of ordinary intelligence should

have anticipated the danger created by a negligent act or omission." *Id.* (citation omitted).

"An employer has a duty to adequately hire, train, and supervise employees." *Id.* Accordingly, an employer can be liable for negligence if "its failure to use due care in hiring, supervising, or retaining an employee creates an unreasonable risk of harm to others." *Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 287 (Tex. App. 2015, no pet.) (citations omitted). Although the Supreme Court of Texas "has yet to rule definitively on the 'existence, elements, and scope of [causes of action for negligent hiring and training] and related torts such as negligent training and hiring,'" *id.* (alteration in original) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010)), "it has indicated that to recover on these theories, a plaintiff must show more than just negligent hiring practices," *id.* (citing *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012) (per curiam)).  She must also show "that the employee committed an actionable tort against [her]." *Fuller v. CIG Fin., LLC*, 2023 WL 146251, at *3 (N.D. Tex. Jan. 10, 2023) (Fitzwater, J.) (quoting *Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 384 (Tex. App. 2005, no pet.)).

2

Wilson has failed to plead a plausible claim that KDM is directly liable for negligence. Notably, the petition includes no specific factual allegations that would indicate that KDM breached its duty to adequately hire, train, and supervise Godsey. It merely makes the conclusory assertion that "Defendant KDM was negligent in each of the following respects: negligently hiring, retaining, supervising, and training Defendant Godsey: failing to formulate, have, and/or enforce adequate policies and procedures to prevent assault by

employees." Pet. ¶ 30.  Wilson's allegation of causation is also conclusory.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  The court therefore dismisses Wilson's negligence claim against KDM.

### B

The court turns next to Wilson's claim that KDM is liable for negligence *per se*.

#### 1

Negligence *per se* applies when the courts have determined that the violation of a particular statute is negligence as a matter of law.  *See Parrott v. Garcia*, 436 S.W.2d 897, 900 (Tex. 1969).  To make a negligence *per se* claim, the plaintiff must identify a specific statutory provision that the defendant has violated.  *See Del Castillo v. PMI Holdings N. Am. Inc.*, 2016 WL 3745953, at *5 (S.D. Tex. July 13, 2016).  Without such an allegation, a complaint cannot state a negligence *per se* claim, and the court must dismiss the claim.  *See In re Oil Spill by the Oil Rig Deepwater Horizon*, 835 F.Supp.2d 175, 182 (E.D. La. 2011), *aff'd sub nom. In re Deepwater Horizon*, 745 F.3d 157 (5th Cir. 2014).

#### 2

Wilson's petition does not identify any specific statute that KDM has allegedly violated; therefore, she cannot state a claim for negligence *per se*, and this claim must be dismissed.

C

Wilson also brings a direct claim against KDM for gross negligence.

1

To recover for gross negligence under Texas law, a plaintiff must satisfy the elements of an ordinary negligence claim and also prove by clear and convincing evidence that the defendant acted with gross negligence. Gross negligence consists of an objective and a subjective element. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012) (citation omitted). Under Texas law, gross negligence means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (West 2015). Risks are "examined prospectively from the perspective of the actor, not in hindsight," *Columbia Medical Center of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008) (citation omitted), and an "extreme risk" is "not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury," *U-Haul Int'l*, 380 S.W.3d at 137 (citations omitted). The subjective element requires that the plaintiff show "that the defendant knew about the peril, but his acts or omissions demonstrate that he did not care." *Diamond Shamrock Refin. Co. v. Hall*, 168 S.W.3d 164, 173 (Tex. 2005) (quoting *La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 247-48 (Tex. 1999)).

2

As the court has explained above, Wilson has failed to plead a plausible negligence claim against KDM. This failure necessarily means that she has failed to plead a plausible gross negligence claim, and this claim must also be dismissed.

V

Although the court is dismissing Wilson's claims against KDM, it will permit her to replead.

Wilson filed this case in state court, under the pleading standards that govern in that forum. KDM filed the instant motion to dismiss shortly after removing the case. "This court has adopted a nearly unwavering practice of permitting plaintiffs to replead under the federal pleading standards when it dismissed removed cases that were pleaded under state standards." *Schrader-Scalf v. CitiMortgage, Inc.*, 2013 WL 625745, at *3 (N.D. Tex. Feb. 20, 2013) (Fitzwater, C.J.). Accordingly, Wilson must file her first amended complaint within 28 days of the date this memorandum opinion and order is filed.

\* \* \*

The court grants KDM's motion to dismiss and also grants Wilson leave to replead.

**SO ORDERED**.

December 11, 2023.

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE