IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABBEY WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-2158-D |
| | § | |
| CHA GALLERIA, LP and TIM | § | |
| GODSEY, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Abbey Wilson ("Wilson") sues defendants CHA
Galleria, LP d/b/a DoubleTree Hotel by Hilton Dallas Near the Galleria ("DoubleTree") and
Tim Godsey ("Godsey") for injuries she sustained from a sexual assault allegedly committed
by Godsey at the DoubleTree Hotel.[1]   DoubleTree moves to dismiss under Fed. R. Civ. P.
12(b)(6) for failure to state a claim on which relief can be granted.  For the reasons that
follow, the court grants the motion but also grants Wilson leave to replead.

I

The relevant background facts of this case are largely set out in a prior memorandum
opinion and order, *see Wilson v. Korth Direct Mortgage (Wilson I)*, 2023 WL 8569084, at

---

[1]In her state-court original petition Wilson also brought claims against a third
defendant, Korth Direct Mortgage ("KDM").  The court dismissed Wilson's claims against
KDM in a prior memorandum opinion and order.  Because Wilson does not bring claims
against KDM in her first amended complaint, the court concludes that KDM is no longer a
named defendant.

*1 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.), and need not be repeated at length for purposes of deciding DoubleTree's motion to dismiss.

After the court granted Korth Direct Mortgage's ("KDM's") prior motion to dismiss, Wilson timely filed a first amended complaint ("amended complaint") that alleges (1) common-law claims against Godsey for assault, sexual assault, battery, and false imprisonment; (2) common-law claims against DoubleTree for negligence (on both direct and vicarious liability theories), negligence *per se*, and premises liability; and (3) a statutory claim against DoubleTree under Tex. Alco. Bev. Code Ann. § 2.03 (West 2023) for providing her and Godsey alcoholic beverages.

Wilson's amended complaint includes only a few factual allegations that are not asserted in her state-court original petition-complaint ("petition").[2] First, Wilson alleges that she was 21 years old at the time of the alleged sexual assault, while Godsey was a married man in his late forties. She also asserts that, while she sat at DoubleTree's bar awaiting her food delivery, she ordered a drink from the bartender and texted her boyfriend. The bartender, who was a DoubleTree employee, allegedly observed her conversation with Godsey at the bar and served Wilson at least six hard liquor alcoholic drinks and Godsey at least eleven alcoholic drinks while they sat at the bar. Wilson alleges that she has no

---

[2]The court recounts the background facts favorably to Wilson as the nonmovant. In deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (addressing Rule 12(b)(6) standard)).

memory of leaving the bar, and that a drink she consumed was "spiked."  P. Am. Compl. ¶ 1.

Wilson also asserts that, after she awoke in Godsey's hotel room the next morning and was informed by Godsey that they had had sexual intercourse, Godsey would not let her leave the room until she kissed him, and alleges that he asked to "clean" her before she left. *Id.* at ¶¶ 19-20.  According to Wilson's amended complaint, she kissed Godsey in order to escape the room and then returned to her hotel room, distraught, to pack up and leave Dallas. Godsey allegedly contacted Wilson several days later via social media and text message, admitting that he had been overserved and was intoxicated at the time of their encounter.  Via Instagram message, he allegedly said, "Honestly I've never done anything like that before and really not sure how it happened.  Way too much to drink for sure."  *Id.* at ¶ 24.  And via text message, he also allegedly said, "I don't remember most of the night.  Way too much to drink."  *Id.* at ¶ 25.

Finally, Wilson alleges that, as a result of the alleged sexual assault, she suffered damages, including, but not limited to, in-patient care and treatment.

DoubleTree moves to dismiss Wilson's amended complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted.  The court is deciding the motion on the briefs, without oral argument.

## II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the

- 3 -

light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

The court first considers DoubleTree's contention that Wilson's common-law negligence, negligence *per se*, and premises liability claims are barred by Texas' Dram Shop Act, Tex. Alco. Bev. Code Ann. § 2.01 *et seq*.

In Texas, the Dram Shop Act "codifies the exclusive action against an alcohol

- 4 -

provider for injuries or damages resulting from the intoxication of a patron." *F.F.P. Operating Partners, LP v. Duenez*, 237 S.W.3d 680, 691 (Tex. 2007); *see* Tex. Alco. Bev. Code Ann. § 2.03 (the Code "provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older"). Liability under the Act "is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages." Tex. Alco. Bev. Code Ann. § 2.03(a). The Act "expressly precludes a negligence or negligence *per se* cause of action against a provider of alcohol when the purchaser is at least eighteen years of age." *Southland Corp. v. Lewis*, 940 S.W.2d 83, 84 (Tex. 1997) (per curiam) (citations omitted). The Supreme Court of Texas has also recognized that premises liability claims are preempted by the Act. *20801, Inc. v. Parker*, 249 S.W.3d 392, 395 (Tex. 2008) (affirming court of appeals' holding that premises liability claims are preempted).

DoubleTree is a provider of alcohol, as defined in Tex. Alco. Bev. Code Ann. § 2.01.[3] Wilson was over 18 years of age at the time of the events alleged. Accordingly, Wilson's common-law negligence, negligence *per se*, and premises liability claims against DoubleTree are barred by the Dram Shop Act's exclusivity provision. The court therefore dismisses these claims.

---

[3]Section 2.01 defines "provider" as a "person who sells or serves an alcoholic beverage under authority of a license or permit issued under the terms of this code or who otherwise sells an alcoholic beverage to an individual." Tex. Alco. Bev. Code Ann. § 2.01.

IV

The court turns next to Wilson's Dram Shop Act claim. DoubleTree contends that (1) this claim is barred by the statute of limitations, and (2) to the extent the claim is timely, Wilson has failed to plausibly plead facts establishing all elements of the claim. The court addresses each contention in turn.

A

The court turns first to DoubleTree's limitations argument.

Limitations is an affirmative defense. *See* Rule 8(c)(1). To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings." *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). In other words, DoubleTree is not entitled to dismissal under Rule 12(b)(6) based on the statute of limitations unless Wilson has "pleaded [herself] out of court by admitting to all of the elements of the defense." *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson*, 2011 WL 4100958, at *3).

A Dram Shop Act cause of action is governed by a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2024). "[A] cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy[.]" *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 591 (Tex. 2017) (quoting *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)).

- 6 -

Wilson's Dram Shop Act claim accrued on the date of the alleged sexual assault—no later than September 3, 2021. DoubleTree contends that this claim is barred by the statute of limitations because Wilson did not include it in her petition; rather, she asserted it for the first time on January 2, 2024, in her amended complaint. But under Texas law, "[w]hen a suit is filed before the limitations period expires, a cause of action alleged by an amended petition after the period expires is not barred by the statute of limitations unless those allegations are wholly based upon and grow out of a new, distinct, or different transaction or occurrence." *Lewis v. Skippy's Mistake Bar*, 944 S.W.2d 1, 3 (Tex. App. 1996) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.068); *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004)), *rev'd on other grounds sub nom. Southland Corp. v. Lewis*, 940 S.W.2d 83 (Tex. 1997). Wilson filed this suit in state court on September 1, 2023—before the expiration of the two-year limitations period. And her Dram Shop Act cause of action is not wholly based upon, nor does it grow out of, "a new, distinct, or different transaction or occurrence." *Id.* Although Wilson alleges a few new facts in her amended complaint that she asserts support DoubleTree's liability under the Dram Shop Act, her claim is ultimately based on the same incident she alleged in her petition. Accordingly, it does not appear clearly on the face of the pleadings that Wilson's Dram Shop Act claim is barred by the statute of limitations.

B

The court turns next to DoubleTree's assertion that Wilson's Dram Shop Act claim is so "vague and bare" that it cannot survive a motion to dismiss. D. Br. (ECF No. 28) at 8.

To state a plausible Dram Shop Act claim, Wilson must plead sufficient facts for the court to draw the reasonable inference that:

> (1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that [she] presented a clear danger to [herself] and others; and (2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

Tex. Alco. Bev. Code Ann. § 2.02(b).  The court will analyze whether Wilson has alleged sufficient facts to plausibly plead a Dram Shop Act claim based on DoubleTree's provision of alcoholic drinks to Wilson and/or Godsey.

Wilson alleges that the DoubleTree bartender observed the conversation between her and Godsey at the bar.  Wilson also asserts that she became "intoxicated" at the bar, and subsequently became "very emotional and cr[ied] uncontrollably"—an event that the bartender presumably observed.  P. Am. Compl. ¶¶ 1, 15.  Wilson's crying could potentially have made her intoxication "obvious[]" to the bartender.  *See* Tex. Alco. Bev. Code Ann. § 2.02(b)(1).  But the fact that Wilson was crying would not necessarily have made it "apparent" to the bartender that Wilson's level of intoxication was "to the extent that [she] presented a clear danger to [herself] and others," as the statute requires.  *See* Tex. Alco. Bev. Code Ann. § 2.02(b)(1).  The allegations of Wilson's amended complaint that relate to this claim merely assert the claim's elements, *see* P. Am. Compl. ¶¶ 46-47, 49, and therefore amount to nothing more than "[t]hreadbare recitals of the elements of [the] cause of action," which do not suffice.  *Iqbal*, 556 U.S. at 678.  Thus the court concludes that Wilson has

failed to plead a plausible Dram Shop Act claim based on DoubleTree's provision of alcoholic drinks to her.

The only allegation that Wilson makes concerning Godsey's behavior at the bar is that he "began to talk to her, make jokes, and laugh" and "became intoxicated." P. Am. Compl. ¶ 1, 13. Although she alleges that Godsey purchased at least eleven alcoholic drinks from the bartender, she does not plead specific facts that enable the court to draw the reasonable inference that he was visibly intoxicated such that it would have been apparent to the bartender that "he presented a clear danger to himself and others." Tex. Alco. Bev. Code Ann. § 2.02(b)(1). In fact, she does not allege that Godsey himself actually consumed all eleven drinks. And while Wilson asserts that she believes at least one of her drinks was "spiked," she does not specifically allege that Godsey was the one who spiked it, nor that the bartender observed any such behavior. Again, the allegations of Wilson's amended complaint that merely plead the elements of the claim, *see* P. Am. Compl. ¶¶ 46, 48, 50-51, 53, are "[t]hreadbare recitals of the elements of [the] cause of action," and therefore insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. Based on these allegations, the court holds that Wilson has also failed to state a Dram Shop Act claim based on DoubleTree's provision of alcoholic drinks to Godsey.

In sum, Wilson has failed to plead factual content in her amended complaint that would allow the court to draw the reasonable inference that DoubleTree is liable for her injuries under the Dram Shop Act. The court therefore dismisses this claim.

- 9 -

V

The court turns next to DoubleTree's contention that Wilson's request for exemplary damages should be dismissed.

At common law, exemplary damages are available for gross negligence claims but not for ordinary negligence claims. *See Ford Motor Co. v. Miles*, 141 S.W.3d 309, 318-19 (Tex. App. 2004, pet. denied). Exemplary damages are not available for violations of the Dram Shop Act. *Steak & Ale of Tex., Inc. v. Borneman*, 62 S.W.3d 898, 910-11 (Tex. App. 2001, no pet.).

Because Wilson has not pleaded a gross negligence claim against either defendant, she is not eligible for exemplary damages at common law. She also cannot be awarded exemplary damages under the Dram Shop Act. Consequently, the court dismisses Wilson's request for exemplary damages.

VI

In the alternative to her opposition to DoubleTree's motion, Wilson requests leave to amend. DoubleTree opposes this request. Although the court is granting DoubleTree's motion to dismiss, and although the court has already given Wilson one opportunity to amend, it will grant Wilson's request for leave to replead.

While Wilson has filed both a petition and an amended complaint, the court's decision in *Wilson I* was addressed to a state-court pleading. Today's decision is the first to identify deficiencies in a pleading filed under the federal standard.

Moreover, "'district courts often afford plaintiffs at least one opportunity to cure

pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.'" *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Wilson has not stated that she cannot, or is unwilling to, cure the defects that the court has identified.  Indeed, she has explicitly requested an opportunity to amend.  And it is not unheard of for plaintiffs to state plausible claims for relief when amending after multiple motions to dismiss have been granted.  *See, e.g.*, *Reneker v. Offill*, 2010 WL 1541350, at *2, *7 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (concluding, after twice granting motions to dismiss, that plaintiff's second amended complaint stated claim on which relief could be granted).

The court therefore grants Wilson 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

\*   \*   \*

For the reasons explained, the court grants DoubleTree's motion to dismiss but also grants Wilson leave to amend.

**SO ORDERED**.

February 22, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 11 -