IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABBEY WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-2158-D |
| | § | |
| CHA GALLERIA, LP and TIM | § | |
| GODSEY, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Abbey Wilson ("Wilson") sues defendants CHA Galleria, LP d/b/a DoubleTree Hotel by Hilton Dallas Near the Galleria ("DoubleTree") and Tim Godsey ("Godsey") for injuries she sustained from a sexual assault allegedly committed by Godsey at the DoubleTree Hotel. Wilson's claims against DoubleTree are for negligence and premises liability alone, not for liability under the Texas Dram Shop Act, Tex. Alco. Bev. Code Ann. § 2.01 *et seq.*[1] DoubleTree moves to dismiss Godsey's second amended complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Wilson has not responded to DoubleTree's motion.[2] For the reasons that follow,

---

[1] DoubleTree moves to dismiss any claim brought by Wilson under the Dram Shop Act to the extent such a claim is asserted in the second amended complaint. Because the court concludes that Wilson is not attempting to plead such a claim, it does not address this argument and treats the common-law negligence and premises liability claims as the only claims that Wilson is alleging against DoubleTree.

[2] DoubleTree filed its motion on April 2, 2024, so Wilson's response was due 21 days thereafter, on April 23, 2024. *See* N.D. Tex. Civ. R. 7.1(e). Because the time for a response

the court grants DoubleTree's motion and dismisses the action against DoubleTree by Rule 54(b) final judgment filed today.

I

The relevant background facts of this case are largely set out in two prior memorandum opinions and orders and need not be repeated at length for purposes of deciding DoubleTree's motion to dismiss.[3]

After the court granted DoubleTree's second motion to dismiss and dismissed Wilson's first amended complaint, with leave to replead, Wilson filed a second amended complaint that alleges (1) common-law claims against Godsey for assault, sexual assault, battery, and false imprisonment; and (2) common-law claims against DoubleTree for negligence and premises liability.

Wilson's second amended complaint includes only a few factual allegations that she did not include in her state-court original petition or in her first amended complaint.[4]  First, Wilson alleges that, while she was sitting at the DoubleTree bar awaiting her food delivery,

_____

has elapsed, the motion is now ripe for decision.

[3]*Wilson v. Korth Direct Mortg., Inc.*, 2023 WL 8569084, at *1 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.); *Wilson v. CHA Galleria, LP*, 2024 WL 730294, at *1-2 (N.D. Tex. Feb. 22, 2024).

[4]The court recounts the background facts favorably to Wilson as the nonmovant.  In deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (addressing Rule 12(b)(6) standard)).

there were several other patrons present who conversed with the bartender—who was a DoubleTree employee—and each other, including Godsey and Godsey's colleague. She then ate her food while sitting at the bar. Wilson alleges that the bartender observed her conversation with Godsey and his colleague and engaged in conversation with them.

Wilson also asserts that DoubleTree possesses video footage of her and Godsey leaving the bar, although she maintains that she does not remember anything past the point when she returned to the bar from the bathroom and finished her drink, which had been left unattended. According to Wilson, when she awoke the next morning naked in Godsey's hotel room, Godsey had a black eye. She allegedly immediately felt pain, including pain in her legs and internal pain in her genitals, and noticed bruising on her hips, the back of her arm, and her left wrist and scratches on her back near her shoulder. She alleges that at that point she realized she had been raped and "was panicked, afraid and just wanted to escape." 2d Am. Compl. ¶ 20.

Wilson alleges that she departed Dallas that afternoon and traveled to her parents' home in Maryland. That day, she allegedly received two text messages from an unknown telephone number—one that said, "Pop," and another that said, "Hello Abbey"—and a canceled FaceTime call from the same number. Several days later, she received messages from Godsey via social media and text message, which she referenced in her first amended complaint, in which Godsey allegedly admitted that he had been intoxicated on the night they interacted and did not remember most of the night. Wilson asserts that she did not respond to Godsey's messages and instead contacted law enforcement as soon as she felt safe at her

parents' home.

DoubleTree moves to dismiss the common-law negligence and premises liability claims asserted against it in Wilson's second amended complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted. The court is deciding the motion on the briefs, without oral argument.

II

A

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the

- 4 -

mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

B

To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings." *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). In other words, the movant is not entitled to dismissal under Rule 12(b)(6) based on the affirmative defense unless the nonmovant has "pleaded [herself] out of court by admitting to all of the elements of the defense." *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson*, 2011 WL 4100958, at *3).

III

As an affirmative defense, DoubleTree alleges that Wilson's common-law negligence and premises liability claims are barred by the Dram Shop Act.[5]

In Texas, the Dram Shop Act "codifies the exclusive action against an alcohol provider for injuries or damages resulting from the intoxication of a patron." *F.F.P.*

---

[5]DoubleTree also maintains that Wilson's common-law negligence and premises liability claims are barred by issue preclusion. Because the court concludes that Wilson's claims against DoubleTree are precluded under the Dram Shop Act, it does not reach this argument.

- 5 -

*Operating Partners, LP v. Duenez*, 237 S.W.3d 680, 691 (Tex. 2007); *see* Tex. Alco. Bev. Code Ann. § 2.03 (the Code "provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older"). Liability under the Act "is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages." Tex. Alco. Bev. Code Ann. § 2.03(a). The Act "expressly precludes a negligence or negligence *per se* cause of action against a provider of alcohol when the purchaser is at least eighteen years of age." *Southland Corp. v. Lewis*, 940 S.W.2d 83, 84 (Tex. 1997) (per curiam) (citations omitted). The Supreme Court of Texas has also recognized that premises liability claims are preempted by the Act. *20801, Inc. v. Parker*, 249 S.W.3d 392, 395 (Tex. 2008) (affirming court of appeals' holding that premises liability claims are preempted).

DoubleTree is a provider of alcohol, as defined in Tex. Alco. Bev. Code Ann. § 2.01.[6] Wilson was over 18 years of age at the time of the events alleged. Accordingly, Wilson's common-law negligence and premises liability claims against DoubleTree are barred by the Dram Shop Act's exclusivity provision. Because Wilson has "pleaded [herself] out of court by admitting to all of the elements of the defense," *Cochran*, 2011 WL 5604024, at *1, the court dismisses these claims. And because they are the only claims Wilson alleges against DoubleTree in her second amended complaint, the court dismisses her action against

---

[6]Section 2.01 defines "provider" as a "person who sells or serves an alcoholic beverage under authority of a license or permit issued under the terms of this code or who otherwise sells an alcoholic beverage to an individual." Tex. Alco. Bev. Code Ann. § 2.01.

- 6 -

DoubleTree with prejudice by Rule 54(b) final judgment filed today.

\*   \*   \*

For the reasons explained, the court grants DoubleTree's motion and dismisses this action against DoubleTree by Rule 54(b) final judgment filed today.

**SO ORDERED**.

May 7, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE